Let's just wait for people to clear out. Thanks very much. All right. Ms. Hutchinson. Good morning. May it please the Court, Kendra Hutchinson of the Federal Defenders for the appellant in this matter, Mr. Davis Burgos-Collazo. I'll be focusing my argument on the jury instruction point. Beginning with that, Section 2260A is not a public welfare offense. It is not a sentencing enhancement. Instead, it is a serious offense that must be pleaded and proved that carries a harsh 10-year sentence. The presumption of scienter fully applies in this case, and that should have informed the jury instruction below. Now, why do you say it's not a sentencing enhancement? It's a statute that creates a crime formally, but in substance, it's saying if you commit this crime, this thing that requires its own mens rea, that is itself a very bad act, if you're beyond a reasonable doubt did that while you were already a registered sex offender, it's kind of a criminal offense. It's not a sentencing enhancement.  It's not an aggravated version of a recidivism enhancement. Isn't that really what it is? I mean, to the extent that it's like an aggravated version, certainly, Your Honor, but it is not a mere sentencing enhancement. Section 2251 has its own sentencing enhancement provision under Subdivision E. Well, but Congress is always piling these things on. Yes, it is. But I'm not – this seems to me to be rather different than the case of being a felon in possession of a firearm, where otherwise it would be entirely lawful for you to possess a firearm. And the only thing that makes it a crime rather than an exercise of your constitutional rights is the fact that you are a felon or an illegal alien or whatever, as the case may be. And there, in that kind of case, the Supreme Court has said you need to have mens rea, but you don't necessarily need to have mens rea if the other elements of the crime already mean that you're doing something bad. And all we're talking about is, is it aggravated essentially by the fact that you have a prior conviction? I mean, Your Honor, there's a lot to unpack in here. And you're really getting to the heart of what we have here, the issue here. I mean, this – the question is, is whether this is governed by REHAFE, right? Yes. And whether REHAFE stands for the principle that we contend that it does, which is that when status is the crucial element that triggers guilt, whether that itself always needs to have a mens rea. We contend that's what REHAFE stands for for many reasons. Isn't the principle that when the status is what makes the conduct culpable, right? So we have REHAFE and excitement and we have staples, but then we also have deem, right, where the court says basically in the prior cases we read in the mens rea requirement because otherwise the defendant wouldn't know that what he's doing is culpable. But if he already knows that it's culpable, there's lots of statutes where you're subject to an enhancement based on something that you didn't intentionally do or know about, right? So isn't this that case? I mean, here it's even clearer, right? So 2260A says you have to commit a felony offense while having the status. So it definitely is true that everybody would know that the predicate conduct is culpable. And I think, Your Honor, you're getting right at the question that Judge Lynch is getting at, too, which is whether the underlying conduct itself, the actus reus, needs to be itself entirely innocent and blameless. And we would contend. And I just want to note one thing. You know, I have cast about this entire country trying to find a similar statute, which is status plus crime. And there is no other statute as far as I can tell. We have status plus blameless conduct under, you know, the 922G offenses. And we have, for example, aggravated I.D. theft. We have crime plus additional conduct. But I cannot find another case that is this case. And that's why I'd ask this Court to write on it and urge the Court to do it. Why aren't all of the cases that enhance punishment because of recidivism examples of the same thing? Can Your Honor ---- Well, wherever it's the case that there's a crime, I can't believe that there is no state that has any offense that takes the form of, if you commit this crime, the penalty is this. But the penalty is that if you're a recidivist. Okay. I mean ---- Yeah. So, I mean, that is what 2251E, the sentencing enhancement provisions of the actual substantive offense do, right? I mean, there's the single, you know, the single recidivism enhancement. And there's a double recidivism enhancement. And that's what that does. And I think that's what Dean called the former 924, you know, or formerly called the 924C offenses, Your Honor. But, you know, as we point out in our brief, Alene dramatically changed whether or not Alene is ---- I'm sorry, rather Dean is still good law. You know, Alene squarely held that you need to plead and prove, notwithstanding the fact that it looks like a sentencing enhancement, one needs to plead and prove. But that's a different question. Whether it looks like a sentencing enhancement doesn't change the fact that it has to be pled and proven to the satisfaction of a jury. Although here, the issue that you raise that line of cases in is different completely. And when and if we get there, we can talk about that. But the fact that it is a substantial sentence enhancement has certain consequences that make it, in effect, a separate, aggravated version of the offense for purposes of things like grand jury indictment and jury trial. But I'm still having trouble understanding why any of the authority that goes to when you must infer an unexpressed mental element applies to a case where the only consequence is piling on the sentence rather than being the line between guilt and innocence. Well, it is not piling on the sentence, Your Honor. It is an additional conviction. I mean, this appears on somebody's rap sheet as an additional conviction. It is being found guilty. This was actually a bifurcated trial. So it's only a 22 offense in Dean, right? It's charged as a separate offense, right? So that doesn't take you out of the principle. But what it does is it enhances the penalty for already culpable conduct. Well, I think I want to go back to where Your Honors are really getting at from the very beginning, Judge Lynch, when you started this morally culpable already by the time one gets to this, you know, 2260A. You know, as we point out, as we sort of strongly argue in our briefing, one is we are contending that one is factually and legally innocent of this crime, whether you call it a sentencing enhancement or not, Your Honor. This is an additional crime that appears on your rap sheet. One is factually and legally innocent of this crime if one is not knowing. Does that argument apply equally to Dean? Like, wouldn't you say, okay, yeah, I robbed a bank, but I was factually and legally innocent of the charge of discharging a firearm in the course of robbing a bank until I discharged the firearm. And so, therefore, I should have a mens rea element for that. Well, I think that's right, though. I mean, I think that Dean does no longer guard law. I mean, one, you know, we argue factual and legal innocence of the 924C sort of suite of offenses all the time, discharge, brandishing, use, et cetera. Okay. So your argument does depend on Dean not being good law. Is that right? You know, it does in some ways, Your Honor. But I think that – I mean, I think it was overruled by a lien, number one. And number two, this is not just a sentencing enhancement. Should this Court believe it is the equivalent of a sentencing enhancement, however, I think I'd like to go back to the strong presumption of scienter that applies. This is something that the Court will infer even or applies even when there is the statute itself is silent or in, for example, excitement video when it appears ungrammatical. I'm sort of missing the analogy to recidivism because if you got, you know, a sentencing enhancement for having done the same crime before, that would be dependent upon the jury having found that you met the mens rea requirements before. You don't have to – it wouldn't have to be proved again, but it had been proven beyond a reasonable doubt in your first conviction. And now you get a second conviction also involving mens rea, and now you get enhanced penalty. So I think it's different from what the situation is here. Your Honor, to be guilty of the 2260A offense, one must have that underlying conduct for which the jury has already found guilty, as happened in this case. But then the question becomes the issue, the element of one's status, which the government here proved, as they do in other cases, or they attempted to prove with evidence. And the question then becomes whether that by itself does not have itself a mens rea component. And it is our contention that it does because of the strong presumption of scienter that – So you agree that, like, just grammatically it doesn't have the mens rea element, right? The text is silenced as to a mens rea. So it's not like the rate, rehave, or excitement where there was the word knowingly, so there was a mens rea element, but it wasn't obvious that it applied to certain parts of the offense, right? This is like Staples, where it just – there wasn't a mens rea element, but – Or Morissette. We need to read it in. Or Morissette. But, you know, I would note that for rehave, you know, the statutory interpretation argument that Your Honor is bringing up was not, you know, was not the end-all, be-all of the Court's analysis in that case. The case began with a presumption and said that the text supports that presumption, not that the text was the, you know, the beginning point, but rather the presumption was. And so in this instance, yes, this is – this is a silenced statute. Well, I mean, there's a presumption, but if the text arguably includes it, then the presumption allows you to say it applied. So you wouldn't – if 2260A said expressly there is no mens rea requirement for – that the defendant needs to know that he was required to register as a sex offender, we are deciding to make this a strict liability crime. There would be no argument that we could read that into the statute, right? That's right. It might be a constitutional argument or something, but we wouldn't be able to read it into the statute. That's right, Your Honor. But Congress has – The statute is relevant to how the presumption plays out when we're reading the statute. But Congress needs to be clear about it. That's what the presumption starts with. It is such a strong presumption that Congress needs to be clear. There are really state and federal criminal laws throughout this country. There are hundreds of statutes that don't specify any mental state, and that's what Morosetti is all about because that is the way the legislatures have operated this area for 100 years, 200 years. We will begin with, if you're going to send a guy away for a long time, it's got to be mens rea. But in this instance, Your Honor, the – And my point is, if we held otherwise here, we'd be saying, in effect, that literally thousands of criminal statutes throughout the United States have no mens rea because the legislature is silent. Yes. I think that that would very much undercut the presumption of scienter. And – Wait, wait, wait. First of all, two-thirds of the states have penal codes that are based on the model penal code, which expressly say there is a presumption that mens rea, in the form of recklessness at least, will apply to every element of every statute. So nothing's going to change that. We don't have that. We have a criminal code, which our elders and betters at the Supreme Court interpret like it was just a bunch of random statutes, which it kind of is a bunch of random statutes. And since it's a bunch of random statutes, the Supreme Court tends to put primary emphasis on the text, which is one reason why excitement video is exciting, because there the court totally overrode the grammar of the statute to find a mens rea element in a situation where otherwise entirely innocent conduct would subject you to very serious crimes. But normally the court begins interpreting statutes with the text. And here the question is whoever being required to register as a sex offender. It doesn't even say – it doesn't say whoever is required to register as a sex offender and doesn't. And it similarly doesn't say whoever being required to register and being registered as a sex offender. Neither of those things is there. It's anyone who's required, which basically means anyone who's committed a certain kind of offense. When they commit one of these felonies, right, then they're guilty. That strikes me as very difficult language to get past, because the mens rea element is – or the status element is entirely separate from the actus reus of the offense, which is committing a felony, each of which has its own mens rea elements. And the only time that I have seen the Supreme Court abandon textualism to apply that presumption is excitement video, where the only mens rea – the element to which the court is reading in a mens rea element is entirely separate from the piece that has a mens rea element expressed. I haven't seen it anywhere else. Your Honor, I think that this was a similar argument to that made in Rehaith, which Your Honor is bringing up. I think Rehaith – Rehaith is completely different because the text is entirely different. But a different section. But a different section, right? I mean, they refer back to each other, right? It's 922A2, I think, the penalty provision. And so I just want to say that this is a live doctrine, Your Honor. This is not just excitement video from, you know, 40 years ago. This is a live doctrine that is influencing – you know, that is informing the way that we look at these statutes today, and that it applies fully, as defense counsel argued below. So the district court acknowledged that this was troublesome and raised fairness concerns. But just in those cases. So in Rehaith, there's one statute that says you need to knowingly violate the other statute, and the other statute includes the status element. And so, I mean, you acknowledge there's at least a plausible, just textual argument that the knowingly element applies to all elements of the predicate statute, right? And in excitement video, I don't know, I consider myself a textualist in standing, but it says knowingly transport any visual depiction that involves the use of a minor engaging in sexual explicit conduct. Maybe if you're a very strict grammarian, you need to knowingly transport, and you don't actually need to know what you're transporting. But it's at least arguable that maybe the knowingly, which is the rest of the sentence, right? So isn't it just very different when there's no mens rea element at all? Doesn't that indicate that Congress didn't want a mens rea element? And so then we need a really strong presumption that gets us to reading something in that it's pretty clear Congress didn't want to include. Your Honor, we start with the presumption, and then we look to the text to see whether the text rebuts the presumption. That's exactly what happened in Rehaith. And I understand, like, you know, we are briefing this and arguing this textually because we must, and that is the way we must look at the statute. But textually, there are numerous cases in which the statute itself was silent as to mens rea, and the Court found that there was one because of this strong presumption. But when you have the presumption, right? So excitement video says age of minority is not a jurisdictional fact that enhances an offense otherwise committed with evil intent. In Fiola, the Court did not require knowledge of jurisdictional facts. The target of assault was a federal officer. Criminal intents are to separate those who understand the wrongful nature of their act from those who do not, but does not require knowledge of the precise consequences that may flow from that act once aware that the act is wrongful. So why shouldn't we read the presumption as one that we will read in a mens rea element even when the legislature doesn't provide it, only, you know, when the defendant wouldn't otherwise know that their act is wrongful? And that doesn't apply here. This statute is different than others. I mean, we can see that here. There is culpable conduct already established at this point. We contend, however, that the Rahafe concern about separating the wheat from the chaff, as it were, you know, the person who is guilty of that offense, that particular offense versus the other offense, applies here as well. And I understand that it may be, you know, we can see that there is wrongful conduct below. But guilt is possession of a firearm by an illegal alien, right? Yes. So possession of a firearm would be completely lawful. Yes. But for your knowledge of the status, right? So that does fall into the narrower principle. But guilt of 2260A itself, one is legally and factually innocent of it if one does not know their status as a registrant. I mean, you know, I understand that, you know, punishing somebody with 10 more years appears to be, you know, what the – what this Court wants or what other courts may want. But here we have somebody who has already been punished. I don't want any of that. I'm sorry. Congress just gets to decide. Fair enough, Your Honor. Fair enough. But Congress didn't decide here. That's the key. Congress did not decide that here. Congress left this silent, and the Supreme Court has said that the presumption is read into it. In this instance, because of Rahafe, in which status is the crucial element that turns this already – you know, this already blameworthy conduct, yes, indeed, but this conduct for which he's been convicted, it turns it into a new offense for which he will receive 10 additional years consecutive. So the way the statute is written is it sort of blankets as anybody who committed any one of these predicate felony offenses while being required to register as a sex offender is subject to the greater penalty. If instead of that, Congress wrote into each one of those predicate felony offenses like something that looked obviously like a sentencing enhancement and said, you know, this is your penalty, but if you're required to register as a sex offender, the penalty is higher, would you then say it's different because it's not a stand-alone offense? I think we would have to say it's different in that instance, yes, Your Honor. And, in fact, we're not – Why – you know, why – how can the question turn on that? So if Congress just thinks it's efficient because I don't want to write an enhancement to every one of numerous numbers of statutes, I'm just going to create one clause that applies to all of them, how can that mean that we have a totally different result as to what Congress meant when it provided for the enhancement? You know what? Perhaps I did misspeak, Your Honor, as you're speaking here. I mean, that's rehafe, right? I mean, rehafe is the penalty provision attaching to 922G. So perhaps we would still be arguing that here. It is the status – it is the status of the defendant as a registrant that separates the – it is a crucial element for this additional 10 years. And as such – But that doesn't really turn on it being a stand-alone offense. You're saying anything where you're subjected to a higher penalty because of a status, there needs to be a mens rea element. I think – I think for the purposes of this case, you know, we can leave it on the fact that this – as I started, you know, this argument saying to Your Honors, this is an unusual statute. We can't find one that is quite the same, right, where there's a crime plus status. So along those lines, I recognize that some of us are textualists in good standing, but for those of us – But some of us are not. Some of us are not, right. The – is there any legislative history that bears on this issue? Pardon me, Your Honor, could you – Is there any legislative history that bears on this issue? Not that I'm aware of, Your Honor. I mean, I peruse the Adam Walsh, you know, Public Safety Act many, many times, and I cannot see that that speaks to this, this particular – this particular aspect of the offense, so. Would you be making the same argument if it said whoever having been convicted of a certain set of offenses commits a felony involving a minor under – shall be sentenced for an extra 10 years? Can you repeat that, Your Honor? I want to make sure I understand the difference, the distinction. Whoever being required by Federal law to register as a sex offender said whoever having been previously convicted of a particular set of offenses – Sex offense. Or category of offenses shall be sentenced to a term of imprisonment of 10 years in addition to the other. You know, I think we would have to under rehave, right, because that's a status offense. That's 922G1, a felon in possession. Whoever having been convicted of a felony, you know, possesses. I think we would have to, yes. I think that's – I think that's the application in this case, Your Honor. Yes. Even where it is plainly a recidivism sentence enhancement. Yes. I think – I think that is the answer here. Yep, Your Honor. I think – I think rehave compels this conclusion here, and I think that the courts adhere – the Supreme Court's adherence to this presumption of scienter, which, you know, in some ways, you know, produces what appears to be textually strange results, like excitement video or these silent statutes. I mean, it's a very different – very different presumption than other statutory interpretations. And so you just said whatever you get a mandatory enhancement because of a status or even a prior conviction, there needs to be a mens rea element. So then what do we do with the statements from the Supreme Court that says it is about awareness that the conduct is culpable, and if it's a greater sentence than you might otherwise expect as long as you know that the conduct was culpable, that's not a problem? So you're just saying that that never applies because actually whenever you're subject to a more serious sentence, there needs to be mens rea. I think – I think it's – so in the original briefing, Your Honor, in the opening brief at least, you know, we focused on the seriousness of the sentence here to explain what the – you know, to discuss what the parties really focused on below is whether or not this is a public welfare offense. And I think, you know, the government is not really arguing that anymore, and I don't think we're arguing this. You know, we need to really argue this before Your Honor. But I think it does bring up an important point, which is with a consequence so serious, you know, of 10 years, you know, separating one who is guilty of 2260A versus one who is not is quite important. It has very real consequences. So does it – so if the enhancement were an extra year, would you be making a different argument? No, I don't think so. But I think that it is more compelling in this instance because of that, Your Honor. I think it – and I think that it brings – it brings this issue home. It brings sort of due process issues home a little bit more. I mean, that's the whole point of the public welfare exception. And just on this point about whether it's just recidivism, I mean, I guess you would say we have another statute that talks about having a prior conviction – a prior conviction. That's a recidivism statute. But this one seems to be about sort of policing compliance with sex offender registration obligations. Well, except it doesn't, right? It doesn't. It doesn't police the requirement because it doesn't make you enhance the punishment because you didn't register. It says if you were required to register, whether you did or whether you didn't register is irrelevant. That's right, Your Honor. Which means if you're subject because of your prior conduct – and of course, it's a different type of recidivism, I guess, because it sweeps in more things. So I actually thought that that was helpful to you. So now you're saying you do think it looks more like a recidivism statute than something focused on status because it just is triggered by the prior conviction. Well, I think – I think Judge Lynch is getting at the fact that it is – it is status, though, right? Yeah. I mean, that this is just about one's – one's status. That's it. One's status just as under rehafe, one's status as, you know, an undocumented immigrant or, you know, a drug user or whatever. And so we – But you must reinforce the registration obligations if you are subject to harsher penalties if you commit a sex crime while you're being required to register, right? It adds to the deterrent effects of the registry, doesn't it? Doesn't this enforce that? You mean as a policy matter? Yeah. Well, I mean, I think that's probably the policy behind this. I mean, you know, Your Honor asked about – you asked about the legislative history, and that's the point behind the Adam Walsh Act. And if you look at this section, it's just about enhancing penalties. So it's enhancing penalties and ensuring compliance with SORNA. So – so, yeah. So that's part and parcel, Your Honor. But, again, it comes down to status, and rehafe says that status must have emens rea. Okay. Thank you. Thank you, Ms. Hutchinson. We'll hear from you again in rebuttal, but let's turn to the government. Ms. Bennett. May it please the Court. My name is Rachel Bennett. I represent the United States in this appeal, and I represented the government below in the district court as well. The defendant has raised several challenges on appeal, all relating to various increased penalties that the defendant is subjected to because of his extensive history of sexually abusing very young children, both in person and online. So we had allotted 20 minutes for oral argument, and your adversary took altogether 25. So we don't have any time left. I'll sit down, then, Your Honor. As the bench and defense counsel recognize on the initial argument, the statute in this case has no mens rea on its face. And I respectfully disagree with defense counsel. We start with the text of the statute. We do not start with the legal presumption, and I think that presumption is generally mischaracterized in the defendant's briefing anyway. Congress did decide whether the statute should have a mens rea requirement. It decided it should not by writing the statute with no mens rea requirement with respect to the defendant's status as a registered sex offender. Okay, but, you know, that makes it like Staples, right? There isn't a mens rea requirement in the statute, and then the background presumption exists to even override that. So the presumption is set forth very clearly by the Supreme Court in the Staples case. So in Alonis, the Court said, When interpreting Federal criminal statutes that are silent on the required mental state, we read into the statute only that mens rea, which is necessary to separate wrongful conduct from otherwise innocent conduct. And I think this gets to the point that Judge Lynch was asking about, is the real issue in the line of cases that the defense cites to is whether a person is going about their business engaging in what they believe is lawful, and in these cases constitutionally protected conduct, and has no idea that they're doing anything wrong. But it's simply not what we have here in this case. In Rahafe, the issue was going to a firing range. In Alonis, it was posting statements online. In Staples, it was possessing a firearm. These are all entirely lawful acts. This case, attempting to sexually abuse children, is clearly wrongful conduct, and that is the conduct that the defendant must have committed to be guilty of this  Now, I actually think there's a Second Circuit case that is very similar in terms of the analysis in this case. It's Melendez-Rojas. It was decided post-Rahafe in 2024, and in that case, the Court was evaluating the statute for transporting a minor across state lines for purposes of prostitution. The statute is 2423A, and what they were considering there is whether the defendant needed to know the victim's status as a minor, and the Court held the defendant did not need to know that. And the reasoning behind that and the distinction between that case and Rahafe was that it was not the victim's age that marked the boundary between lawful and unlawful conduct, and that is perfectly applicable in this case. It is not the defendant's status that marks the boundary between lawful and unlawful conduct. He's attempting to sexually abuse children. That is wrongful and unlawful conduct. So his status acts more as an aggravating factor, similar to what the victim's age was in Melendez-Rojas. So defense counsel — Just so I'm clear on your argument, to be a registered sex offender, you have to have committed a crime that did itself involve menstruation. True? No, sorry. That is true, but that was not the point I was making. I apologize. You're saying that the enhancement applies if you commit a felony offense against children, and the sentence is aggravated if you're required to register. So the relevant mens rea is the predicate felony offense, not the registration requirement. Exactly. So 2260A essentially has two elements. In this case, it was violating 2251. When I was getting in, forgive me, was your earlier point that where the enhancement or some penalty is based on potentially innocent conduct, that's very different from a situation where the enhancement is based on a registration that itself can only have been triggered by illegal conduct involving menstruation. So the analogy I'm trying to make is to the recidivism statutes raised by Judge earlier. It's really, in that sense, like a recidivism statute. Yes. Yes. It is like a recidivism statute. We have a lot of strict liability sex offenses, right? Absolutely. So it could be required to register as a sex offender because you committed statutory rape, even if you did not know the age of the other person, right? So it could be that you are required to register as a sex offender without knowingly committing a crime, right? Yes. And I think I'm not being clear about it. My point is it's not that the predicate offense that required you to register has a mens rea element. It's that 2260A itself has a mens rea requirement. So what, for example, in this case, what caused this defendant to be required to register as a sex offender was not the same as the conduct that met the first element of 2260A. So this defendant has a very extensive history. He had two prior state convictions for hands-on sexually abusing and raping children. That's what caused him to be required to register as a sex offender. And that did have mens rea requirement, but that wasn't the mens rea requirement that I was referring to. No, but actually now that Judge Monash has raised a good point, which is, in other words, I can see it being one thing to have a statute that said we back on 10 years if you have previously been convicted of the crimes that he was previously convicted of that led to his registration. Yes. But that's what the statute says. Correct. And so if, and I thought this gave you pause, if you can be required to register for crimes that involve no mens rea whatsoever, then it's not like a double recidivism statute. It's a different situation. It may still not require mens rea for all the other arguments. It's still a recidivism statute. It's just it's not necessarily the case that the crime that triggers the recidivism is one that has a certain mens rea or a strict liability with respect to an element. Of course, if you're guilty of statutory rape, you have engaged in knowing conduct. Yes. But that conduct would be innocent conduct were it not for the age of the person with whom you are intentionally having sex. Right? But that just goes to show that this presumption is a little weaker than is being represented, even where the element in question is one that separates non-criminal conduct, having sex with some person, from criminal conduct, having sex with a person who is, whether you happen to know it or not, beneath whatever the age cutoff is. But I'm not sure I understand how that would affect the fact that this is a recidivism crime, because the thing that got you to have to register as a sex offender was itself felonious conduct, whether it had a mens rea element attached to each physical element of the crime or not. Yes. And many scholars have argued that that is an inherent problem with statutory rape statutes, and that's inconsistent with a proper understanding of how criminal law ought to work. The problem is, whether you agree with that or not, that is not the law of the United States and is not the law of, well, it didn't used to be the law of any state. Now it's becoming more common to have a mens rea element with respect, at least a negligent sort of element with respect to the age of the victim in those cases. But it's just, you know, we don't have a constitutional principle, maybe unfortunately, that builds this presumption into something that is required of the legislature. The legislature can say, no, we think it's still a crime. And in the context of sexual abuse of children, that has consistently been the holding of courts. Courts are, in that context, courts have repeatedly declined to expansively read or to add in mens rea requirements to statutes. Yes. Actually, I was going to ask, what do we do with that? So, like, let's say we believe there was a kind of strong form presumption that generally in criminal statutes we do read a mens rea element in. But if this, you know, if the area of sexual abuse of children is one where we have a long tradition of having strict liability crimes, could it be that the presumption is weaker in this context? And so we're, like, less likely to apply that presumption if that's what we're talking, if that's the kind of statute we're talking about? Yes. I think to the extent there were a presumption like that, it would be weaker in this context, and that has been repeatedly supported by different rulings. You want to say, like, the common law has a strong tradition of implying mens rea elements, but the common law has also long recognized the ability to impose strict liability for sexual misconduct with children. Yes. And the Supreme Court, actually, in Morrissette, talked about this sort of this weakening of a common law presumption in the context of sex offenses. And then, again, in the Second Circuit, and Melendez-Roe has talked again, referring back to Morrissette, saying the Supreme Court has recognized special contexts that require departing from the common law presumption of santer. So I do think that in this space, when we are dealing with sexual predators who abuse children, courts are disinclined to read in language that Congress did not choose to put into a statute with respect to mens rea. But I also think that with respect to this particular conduct, the first element, setting aside the second element that requires the defendant to be required as a registered sex offender, the first element of this crime was attempting to sexually abuse children. So in this context, it's clear that that initial element requires the defendant to have engaged in no immolation. No, I understand. But if we were to agree with Ms. Hutchinson that actually the presumption is pretty broad, and if you're exposed even to a higher penalty, there's a presumption that we're going to have a mens rea requirement because of this background common law presumption. You might still say that that presumption might not apply or might be weaker in this context. Yes, absolutely. And I think that is laid out in the Supreme Court case where they, Morrissette, where they, it's not the core issue in the case, but they make note of the fact that there is this special context relating to sexual abuse of children where we take a much more cautious approach in terms of attempting to maintain the statute's breadth to best protect children from this type of conduct. Yeah. Can I ask a question about the other issue? Of course. I mean, we haven't focused in the argument on it, but we've read the brief, so we don't need to worry about that. But the 2251 talks about the, you know, prior convictions under the laws of any state relating to the sexual exploitation of children. I actually have a question. I have a narrow question, which is everybody sort of seems to assume that that calls for a categorical approach, that it's the nature of the offense and not the particular conduct of the defendant. I'm just asking if that's necessarily true. Like, so usually we think it's a categorical approach if the language is something like, you know, who is an offense that has as an element the use of force or something like that. So because the statute is referring to the elements of a crime, we think it's about the nature of the offense and not the conduct. But if the statute says a prior conviction relating to the sexual exploitation of children, maybe it doesn't require that kind of analysis. So what do you do? Actually, maybe we don't need to decide that here because here it would meet, I guess, either test. But what do you think about that question? Yeah, I think that actually was addressed previously. In connection with an analogous statute. So in U.S. v. Ranganese, which is 47 F. 4th 106, it's a Second Circuit case from 2022, the court evaluated very similar language in the context of 18 U.S.C. 2252, which is a statute that deals with trafficking and child pornography. And it has a very similar prior conviction sentencing enhancement language. And in that case, the court says to determine whether a prior conviction qualifies as a predicate offense for a federal sentencing enhancement, we apply what is known as the categorical or modified categorical approach. And in that case, the relevant language included the related to. Yeah, but of course here it's even, I don't have in front of me at the moment, it's 2252. But this seems to be particularly language that is well suited to the categorical approach because it says, it doesn't say a conviction relating to sexual exploitation. It says a conviction under various statutes or the laws of any state relating to the sexual exploitation of children. That sounds like it's the law that has to relate to the sexual exploitation of children. Yes, I would agree with that. I know this isn't a central issue, but I'm interested in it, so I'm going to ask about it. So if it says two or more prior convictions under this chapter or whatever, or the laws of any state, could it be that relating to the sexual exploitation of children is about the convictions, or do you agree that it is necessarily about the laws of any state? I'm sorry, I'm not sure. It has to do with whether there's a comma before relating to, because otherwise it sure looks like it's the last antecedent is the laws of any state. But that's not the issue in this case. All right. So you think that the answer might be resolved by this prior case. Yes. If we were deciding it on a blank slate, do you have a view, or are you not sure about how the text might cash out? I mean, I understood it to, I understood the categorical approach to apply, and I think that makes sense given the language of the statute, and just I'll leave it at that. Yes, I believe the categorical approach applies. I mean, we kept this sentence in for a long time, so you can make a final point if you'd like. I'll just note that Congress created these enhancements both under 2251E and under 2260A, these enhanced penalties for people who are exactly like the defendant, situated like the defendant, people who have prolifically sexually abused children and who have previously been undeterred by prior incarceration and prior convictions. And so I would submit that these enhancements should be and were appropriately applied here, and the conviction in the sentence should be upheld. Okay. Thank you very much. Ms. Vennick, we'll hear from Ms. Hutchinson on rebuttal. So much to cover, Your Honor. We need another 25 minutes. I'm just kidding. I'll be very brief. The government said that we start with the text of the statute, and I just want to quote directly from Rahaf. Whether a criminal statute requires a government to prove that a defendant acted knowingly is a question of correct congressional intent, in determining Congress's intent, we start from the longstanding presumption, so the presumption of sanctuary that I've been discussing here. So, in fact, we do start with the presumption. It is as broad. You know, Judge Lynch, you were sort of asking about whether it's as strong or if it's weak. I think that's the word you used. I understand. This may be a minor point, but, like, does it matter? Like, what we start with? So, like, the general idea is Congress is writing against a background presumption, and I think you agreed earlier that if Congress was clear enough that it didn't want the presumption, that would control. But, like, we're always reading the text against, you know, the presumption, depending on how strong or weak it is or its scope. I think textually it does, Your Honor. I think textually, if we start from that presumption, you need to chip away at it in the statute in order to overcome it. So, yes, I do think it matters. And just to keep sort of moving here, because I don't want to keep going. So the relevant — it's okay. I'll let you — I mean, I — No, no, no. I'm happy to keep talking. I just don't want to bore you. I guess I would say, right, so because of the presumption, whether it's a thing we start with or a thing we apply after looking at the statute, it is true that to the extent that the presumption applies, it wouldn't be enough for Congress just not to mention mens rea. It would have to expressly say it doesn't want a mens rea requirement. I think that's right in this instance. If the presumption is as broad as that. Yes, Your Honor. We're starting from that presumption. I mean, it's sort of the — you know, I was going to get to harmlessness. I wrote about the argument that came up during your adversary's presentation that even Morosetti notes that the common law presumption was much weaker when it came to offenses involving children. Yeah, and that was actually going to be my second point, because this gets to Melendez-Rojas, the court — the case that my adversary mentions. I just want to note that's unpublished. But, you know, in reality what this is getting at, Your Honor, is the victim age issue. You know, that is — you know, there's decades' worth of jurisprudence on this idea of the victim status, right? The victim status as an age and age. Yeah, but that — I mean, I see the point. I see what you're going to say. You're going to say that that's a specific exception for age. Yes. Except the problem is that once you're doing that, once you're in that world, you are saying that the most important thing that makes this a crime, the thing that absolutely separates innocent conduct in at least some of the instances, not in the case of Melendez-Rojas, but in the case of statutory rape, the very thing that makes it a crime, we still don't apply the presumption in this area because we are so protective of children. So why on earth would you say that if that is true, that the presumption still is very strong for what is basically a recidivism crime? Because to the extent that — you know, if during our earlier arguments I was agreeing that this is just a recidivism statute, you know, to that extent, I take it back, Your Honors. I think that what this really is punishing is new conduct and new status. It's punishing the new conduct. Right. No question about it. And we need to separate the guilty defendant from the not guilty defendant. And I understand that the defendant is already guilty of whatever, you know, chapter offense, 2251, 2252, whatever it is. But to be guilty of 2268 and be deserving of that additional 10 years and additional conviction, we need to separate out that defendant from the others. And to do that, we do need the mens rea, Your Honor. And that is what's different than the victim status. I understand that we're protective in this instance. And that — you know, and that is why Congress came up with this offense in the first place, right, in the Adam Walsh Act, is because we are protective of children, right? But in this particular — for this offense, in order to separate out the guilty defendant from the non-guilty, for 2268 purposes, one must need a mens rea. Anyway, this is sort of a dumb question, but it never has occurred to me, really. Why are we so sure this is a separate offense? Because what about it? I mean, it's labeled penalties for. It's not labeled the crime of sex offender bad stuff. It's labeled penalties. I mean, if you just — For the various crimes that are then listed within it. So, I mean, maybe we've got case law that already says this, but why is it so automatically assumed that this is something that has to be not just, like, in the indictment somewhere because it's, you know, says — why is it like a separate count that becomes a separate crime that carries a separate stigma and all of that? Why would we say that? I mean, I think if you look at the structure of the chapter, you know, it is indeed at the end of the chapter versus the others, which are earlier, number one, textually, Your Honor, Judge Menasche. But the fact that it imposes a consecutive sentence, I think, is really different here. It is different than the recidivism, you know, statute — enhancements that are part of the actual substantive offense. But that just is really a feature of how bad a sting it is. In other words, it doesn't just double the maximum. It imposes a minimum and makes that a mandatory consecutive minimum. You know, so it's pretty grievous stuff, no doubt about that. But that doesn't really distinguish it from any other kind of sentencing enhancement. Some sentencing enhancements double the punishment. Some say it's an extra five years on the max. Some say it's a five-year minimum that wouldn't otherwise apply. And some, rarely, thank God, say it's a mandatory additional consecutive sentence. But why — I guess I don't understand why that makes it a separate crime as distinct from an enhanced version, maybe, of the underlying one. I mean, I'd be happy to submit sort of additional briefing, if Your Honor would like that. No, I'm just wondering about it. You know, the parties litigated this below. It was alleged as a separate offense. And, you know, nobody — yes. Everybody says that. I understand that.  And I think it follows from — I wondered where that would come from. Yeah. Just to clarify your position on this. So you said you misspoke or something. So just to go back to my question about if this were codified as an enhancement within the separate offenses, in the prohibition for each of the separate offenses, would that be — you'd be making a different argument? I think we'd have to, under Rehave, make the same argument, Your Honor. I do. So you wouldn't make the same argument? I think we'd have to argue that the status element requires mens rea. Yes. I think that Rehave would require that. Yes. So nothing really turns on whether it's a separate offense? I think that's — Even if it were presented and looked unambiguously like a sentencing enhancement, you would still make the same argument? I think that's one of the distinctions that we're drawing between this and Dean. And it is one of the distinctions that we're drawing between this and public welfare offenses. Right? Or something that is akin to a public welfare sort of regulation. And that is why — so, yes. And I just want to speak very quickly about this sort of strict liability issue about sex offender registration. As Your Honor has, you know, very quickly realized, there are many strict liability crimes that require, you know, sex offender registration. And I think, you know, I'm a former state practitioner, and they're not just felonies. They're misdemeanors, too, that sometimes can carry 60 days, just so the Court is aware. And, you know, very, very quickly, in terms of harmlessness, you know, we haven't just discussed it. I don't know if the Court is interested in getting there. I would hope it would be, you know, to get to this sort of stage of it. But this was not harmless in this case. You know, defense counsel — defense counsel, you know, contested the admission of the documents. And, you know, there were — the only evidence were these documents itself. The witness was akin to a, you know, record custodian. She had no independent knowledge. She testified basically as almost like a foundational witness as to these documents. And these documents were not enough. And, you know, for the reasons we said. But the documents are the requirement of registration, and then the documents that were sent to him about registration. And didn't he send back a document? Don't we have a document that he returned? Well, that's what she testified, Your Honor. That's what she testified from examining the document. But there was not — and again, you know, we're not talking about a sufficiency here. We are talking about whether this error is, you know, is harmless beyond a reasonable doubt. And in this instance, no. She did not have knowledge or she did not testify as to knowledge of, yes, I received this from that address. Yes, that is his signature. She was not asked whether or not that was his signature or not. Or, in fact, she was asked, is that his signature? She said there is a signature there. Okay. So I guess I just have two questions. So one is, let's say you did have evidence. So, like, let's say — I understand this wouldn't be your position, but let's say we had documents notifying him that he needed to register as a sex offender and we have his returning the documents. Would that be enough to show that he knew that he was required to register as a sex offender? Isn't that what we have in this case, Your Honor, or isn't that what the government is intending that we have here? You know, I don't think we do. You're saying it would be enough in the sense of sufficiency for a — to support a jury finding. But you're distinguishing that from whether the failure to instruct the jury about what you contend is the required element would be harmless error because any reasonable jury confronted with this record would have to have found beyond a reasonable doubt that he knew. If they were properly instructed, exactly. Your Honor put it way better than I possibly could. Yes. And the improper — sorry. The improper instruction is what? If the jury were properly instructed, as defense counsel requested below, that the jury was required to find that he had knowledge of his registration status, that that error is not harmless beyond a reasonable doubt. But you're talking about questions about the admissibility of the documents and so on. And I get that, and I'll think about that. But I'm just asking if we did, in fact, have evidence of him returning a form acknowledging that he was required to register as a sex offender, wouldn't we be able to say that the jury would have found that he had knowledge if it were instructed that it needed to do so? Well, I think — I think that that is what the government is contending. I think the government is contending exactly what Your Honor is saying, and I think we're saying no. That given this proof on this case, which is a testimonial witness who's akin to a custodial — you know, a custodian of records — Well, I'm not saying that it shouldn't have been admitted. I'm sort of frustrated in that — So, actually — Are you saying — You know, let me answer this in a different way, Your Honor. When it seemed to be that maybe the district court was going to instruct the jury, you know, that the district court was troubled enough about this, the government said, oh, we hadn't realized that. We might have changed our presentation of proof. We might have put in a plea allocution in which the court informed the defendant of his need to register. So that, for example, may be a different form of proof that would meet what Your Honor is saying here. That would be strong evidence. Yes. So I'm asking why — if we did have a — so you're making an argument that maybe there wasn't enough of a basis for admitting the forms that we had. No. I don't know — are you making — No. No, I'm just noting that it was contested. That's all. That this was — Please, please, please. Don't talk over me, because otherwise we're never going to get it clear. Excuse me. I understand you not to be making an argument that those documents were inadmissible hearsay. I take you to be making an argument also that that evidence having been admitted, the evidence would have been sufficient for a properly, as you construe it, instructed jury to make the finding. I take you to be arguing that on this record we cannot say that the failure to give the instruction for which you are contending was harmless error because a reasonable jury would not have been required on the strength of this evidence, that there's no reasonable possibility that a jury could have a reasonable doubt. That's your argument, that this is not harmless error. That's exactly right, Your Honor. I apologize for speaking over you. Okay. No, it's not a matter of apologies. It's just, you know, it seems that there's some confusion about what you're arguing, and I thought I was able to articulate it. You were. It is my fault for bringing up the issue of miscibility. I apologize. I had meant to only say that this was not a conceded issue, that this was disputed. That's it. And I apologize. I get the argument as that was described, and then what is the reason why the jury wouldn't have decided that he had knowledge? Because you argued that somebody else might have signed the form, and it was not necessarily him. Is that what the jury would have said? Because the witness here could not say that it was his signature. She admitted on the stand that she was not there in person, you know, that he did not come in person to discharge. Yes. We have evidence of a returned form, but you're just saying it wasn't proven beyond a reasonable doubt that he was the one who signed the form. Or that a properly instructed jury, you know, would have found this beyond a reasonable doubt. That's right. That this error is not harmless beyond a reasonable doubt. Thank you, Judge Lynch. Offhand, at least in any case in which we've held that a failure to instruct the jury about an essential element going to mens rea can still be harmless error, because mens rea always requires the jury to infer what's in someone's mind from things that are less direct. And so it doesn't lend itself to a conclusion that the jury had to find X when there's been no instruction at all. Maybe there is a case that says that, but I'm not that aware of. Thank you, Your Honor. Yes. There are cases, and near an EHER is a case in which the Supreme Court said that the failure to instruct on a required element is not necessarily harmless. I'm not sure I see such a question. Yeah, is mens rea a distinction from that? I'm not sure I can see why that would be the case. And as I understand, it's a matter of inference. But so often is whether the person did a deed is based on circumstantial evidence. But whatever. That's not the issue. If Mr. Burgos-Colosso got on the stand and said, I knew that I was required to register as a sex offender, you would not be able to argue that the error was not. So there is a possibility. There is some evidence that would allow us to do that. 100 percent, Judge. Yes. Against counsel's advice, just really. I appreciate Your Honor's attention to this. Thank you very much. Okay. Thank you very much. Ms. Hutchinson, the case is submitted.